VAN NORTWICK, J.
Williarnsville Brewery, Ltd., Inc., appeals a final summary judgment entered against it in an action by Access Data Systems, Inc., appellee, to foreclose an execution lien on certain brewing equipment and machinery owned by Williarnsville. There is no dispute that Williarnsville Brewery purchased the subject property from Beach Brewery Company after Access had obtained a final judgment against Beach Brewery and delivered a writ of execution to the sheriff in the county where the brewery equipment and property was located, but before Access had levied upon the property. It is clear under Florida law that, upon delivery of a writ of execution to the sheriff, an execution lien attaches to the personalty of the judgment debtor located in that jurisdiction and that the lien will remain attached to the personal property even when purchased by a bona fide purchaser without notice of the lien. See Accent Realty of Jacksonville, Inc. v. Crudele, 496 So.2d 158 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1040 (Fla.1987), and Crudele v. Accent Realty of Jacksonville, 541 So.2d 742 (Fla. 3d DCA 1989)(Cope, J., concurring). The execution lien attaches even absent a levy. Love v. Williams, 4 Fla. 126 (1851); Accent Realty, supra. The final summary judgment is therefore affirmed.
*516 We recognize that this so-called “hidden lien” has been criticized by our colleagues on the Third District, see Accent Realty, 496 So.2d at 162 (Pearson, J., concurring); Crudele, 541 So.2d at 742-743 (Code, J., concurring), and by commentators, see Jeffrey Davis, Fixing Florida Execution Lien Law, 48 U. Fla. L.Rev. 657 (1996), and has been abolished or modified in most states. See generally D.E. Murray, Execution Lien Creditors Versus Bona Fide Purchasers, Lenders, and Other Execution Lien Creditors: Charles II and The Uniform Commercial Code, 85 Comm. L.J. 485 (1980). Nevertheless, any reform to this law requires action by the legislature.
AFFIRMED.
JOANOS AND LAWRENCE, JJ., CONCUR.